Gaston, J.
 

 The transcript in this case shows that on the 29th of November, 1837, a warrant was issued by John Wi-therow, a Justice of the Peace of the County of Play wood, summoning the defendant to appear and answer the complaint of Charles Bumgarner, who sued as well for himself as the Wardens of the Poor of said County, in a plea of debt for one hundred dollars, due by penalty under the act of 1826, for trading with David, the slave of Robert Love. On the 2d of December following, judgment was rendered thereon by the said Witherow and J. L. Dilliard, Justices of the Peace, in
 
 the following
 
 words .• “ Judgment for
 
 the sum
 
 of .one dollar and twenty-cents against the wardens;” and on the 9th of the said month, the necessary affidavit having been made, an appeal from the said judgment was granted “ to the
 
 *45
 
 plaintiff” by John. B. Love, another Justice of the said County. M. Francis, as Attorney “ for the plaintiffs,” on the same day gave notice to the Justices Witherow and Dilliard of this appeal, and required them to return the papers in the cause to the next County Court. Afterwards, to wit, on the 25th of December, 1837, it appears from the transcript that the parties met and agreed “to have the buisness reconsidered,” and on
 
 the
 
 succeeding day, December 26th, judgment was by consent rendered against the defendant, before the Justice Dilliard, for one hundred dollars, and it was indorsed that the plaintiff, Bumgarner, agrees to claim only fifty dollars of the judgment from the defendant, for which execution'shall issue, and costs one dollar and twenty cents. At the January Term, 1838, of Haywood County Court, the case is docketted as a suit of the Wardens of the Poor on relation of Charles Bumgarner against Andrew Cope, and after several continuances, the Court, at January Term, 1839, dismissed the suit. From this order or judgment it is stated that the Wardens, by their counsel, appealed to the Superior Court; and in the Superior Court, at the last Term thereof, on motion of the defendant’s counsel, the cause was ordered to be dismissed, and the Wardens appealed to this Court.
 

 To us it seems that there .was no error in
 
 the order or
 
 judgment of the Superior Court. When the first judgment was rendered on the warrant, the plaintiff had a right, within ten days, upon sufficient cause
 
 shown, to appeal
 
 therefrom, and, having exercised that right, the judgment was thereby vacated, and the further
 
 exercise
 
 of jurisdiction over the case by a Justice out of Court was at an end. But the appeal had not yet been returned to Court., the papers were in the hands of the magistrate, and we see no reason why the parties might not then consent to withdraw the appeal, set aside the judgment, and try the cause
 
 de novo.
 
 No consent can give jurisdiction over a subject matter to a tribunal, which by law cannot take cognizance of it; but after a judgment has been rendered in a Court, and while the record yet remains there, the parties may consent that the judgment be set aside; and when the judgment is set aside, the case is again open for the exercise of the jurisdiction, which such
 
 *46
 
 Court has by law over the subject matter of the controversy. prom tfje jast jU(jgment, that is, the one confessed by the defendant, there was no appeal; and we are at a loss to conceive what was the matter in dispute, which the Wardens Supposed that the County or Superior Court had under their consideration. The Wardens had no right to complain that Bumgarner had released a moiety of the judgment. He was personally entitled to a moiety, and this he could release. But the interest in the other moiety of the debt was the property of the Wardens, and this he did not release, because he could not release it.
 

 The judgment of the Superior Court must be affirmed with costs.
 

 Per Curiam. Judgment below affirmed.